# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIE L. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16 C 7568 |
| ) | |
| THOMAS J. DART, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Willie Jackson has sued Cook County Sheriff Thomas Dart and a number of Sheriff's personnel. Jackson was a pretrial detainee at the Cook County Jail. He alleges that he suffered an injury to his right elbow on February 21, 2016 during an altercation with another inmate. He had pain and was taken to the medical dispensary and released without further treatment. He was then placed in segregation due to the altercation.

While in segregation, Jackson began to experience increasing and severe pain, swelling, and inflammation in his elbow, and a restriction in his range of motion. He says that each day, during each shift, he told medical personnel and correctional officers about his pain and other issues and requested treatment. He says that these repeated requests were ignored. Jackson was released from segregation on either March 1, or March 2, 2016. Almost immediately after being released from segregation, he was able to get the attention of a sergeant, who arranged for him to be sent to

Cermak Hospital. Jackson stayed at the hospital for a week and was given intravenous antibiotics to treat an infection that had developed during the period he was in segregation. Jackson was then sent to Stroger Hospital, where he required surgical intervention. Jackson says that continues to suffer from significant pain and decreased range of motion, which he attributes to the delay in treatment while he was in segregation. Jackson asserts claims under 42 U.S.C. § 1983 and state law. The defendants have moved to dismiss all of Jackson's state-law claims.

**1.     Exhaustion defense**

Before dealing with the motion to dismiss, the Court addresses defendants' exhaustion defense under the Prison Litigation Reform Act. The PLRA provides that a prisoner may not bring an action under federal law concerning prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The basis for the defense, which defendants fleshed out in a submission made at the Court's direction, is that Jackson did not file a grievance regarding the alleged denial of medical treatment.

Though it appears to be true that Jackson filed no grievance, the exhaustion defense lacks merit. As defendants note in their submission, under Jail rules, Jackson had 15 days from the alleged incident to file a grievance. By the time 15 days had passed from his first allegedly denied request for treatment, however, Jackson had already gotten treatment—specifically, he had been sent for treatment at Cermak Hospital at the behest of a correctional sergeant back in the general population unit. In other words, Jackson had *already gotten* everything a hypothetical grievance would have sought before a grievance was even due. At this point, there was no "remed[y] . . .

2

available." An inmate is not required under the PLRA to pursue a grievance once he has already received the appropriate relief, see *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005); *Watson v. Owikoti*, No. 15 C 700, 2017 WL 4180339, at *3 (N.D. Ill. Sept. 21, 2017) (Kennelly, J.), and here Jackson had already gotten the only relief the grievance process provided before his time to file a grievance had even run out. For this reason, the Court strikes defendants' exhaustion defense.

**2.     Motion to dismiss**

Sheriff Dart has moved to dismiss any individual-capacity claims against him. In response, Jackson clarifies he is suing Dart only in his official capacity, specifically via a *Monell* claim in counts 1 and 2 of his fourth amended complaint. Given this representation, any individual-capacity claims against Dart are dismissed.

All of the defendants have moved to dismiss Jackson's state-law claims. They contend, first, that the claims are barred by the one-year statute of limitations that governs those claims. *See* 745 ILCS 10/8-101(a). Jackson's original *pro se* lawsuit, filed on July 25, 2016, did not name any individual defendants. His amended complaint, filed in February 2017, named only a nurse with the last name of Scott, who is no longer a named defendant. Jackson's second amended complaint named the current correctional officer defendants, but it was filed on March 3, 2017, just over a year from the alleged denial of medical treatment. And Jackson first named the medical personnel defendants in his third amended complaint, filed on May 4, 2017.

The Court concludes that it would be inappropriate to rule on the merits of defendants' limitations defense in deciding their Rule 12(b)(6) motion. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need

3

not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (internal quotation marks omitted). Dismissal under Rule 12(b)(6) based on an affirmative defense is appropriate only if the complaint itself establishes that there is no way around the defense. *See id.* "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Id.* That is the appropriate course here. In his response to the motion to dismiss, Jackson has articulated a set of facts that would make viable a claim for equitable tolling of the statute of limitations given the difficulty he had—as he was no longer in segregation—to learn the names of the appropriate defendants despite prompt action and reasonable diligence.

Finally, Sheriff Dart moves to dismiss the state-law claims against him, which are premised on the liability of Sheriff's personnel and the doctrine of *respondeat superior*. Dart relies on three provisions of the Illinois Tort Immunity Act:

- section 2-201, which says that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused";
- section 2-204, which says that "a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person"; and

4

- section 4-103, which says that "[n]either a local public entity nor a public employee is liable for the failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein."

745 ILCS 10/2-201, 2-204, 4-103.

The first and third of these statutory provisions can be dealt with quickly; by their terms, they do not apply. Specifically, Jackson's claim against Dart does not arise from Dart's determination of policy or his exercise of discretion (section 2-201); it is a *respondeat superior* claim. And Jackson does not seek to hold Dart liable either for failure to provide a jail or for providing insufficient personnel (section 4-103).

The only statutory provision cited by Dart that has any conceivable application to Jackson's *respondeat superior* claim is section 2-204. But this statute does not abrogate *respondeat superior* liability; rather, it grants immunity to public employees sued in their personal capacity. In this regard, the Court agrees with Judge Thomas Durkin's decision in *Awalt v. Marketti*, 74 F. Supp. 3d 909, 943 (N.D. Ill. 2014).

The Court does, however, dismiss counts 5 and 6 of the fourth amended complaint, in which Jackson asserts claims for negligent infliction of emotional distress against the individual correctional officers and medical personnel and against Dart based on *respondeat superior*. The Tort Immunity Act permits imposition of liability under state law in these circumstances only where the governmental employee has acted willfully and wantonly, which requires misconduct beyond negligence.

Finally, the Court also agrees with Dart that to the extent that any defendant is an employee of Cermak Hospital, the proper *respondeat superior* defendant would be

Cook County (which operates both Stroger Hospital and Cermak), not the Sheriff. *See, e.g., Boyce v. Moore*, 314 F.3d 884, 887 n.1 (7th Cir. 2002).

**Conclusion**

For the reasons described above, the Court grants defendants' motions to dismiss in part and denies them in part [dkt. nos. 30 & 36]. Counts 5 and 6 of plaintiff's fourth amended complaint are dismissed for failure to state a claim. All claims against Sheriff Dart in his individual capacity are likewise dismissed. In addition, Dart is not liable via *respondeat superior* under Count 4 to the extent that claim is based on actions or inactions by personnel who are employed by Cermak Hospital and not by the Sheriff. Finally, the Court denies defendants' motion to stay [dkt. no. 48] and strikes their defense of failure to exhaust under the Prison Litigation Reform Act.

Date: November 13, 2017

_____
MATTHEW F. KENNELLY
United States District Judge